UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ALVARADO,<br>　　　　Petitioner,<br>　　v.<br>G. NEOTTI, Warden,<br>　　　　Respondent. | NO. CV 11-5658-ODW (AGR)<br><br>ORDER TO SHOW CAUSE |

On June 21, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***August 19, 2011***, why this Court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///

**I.**

**PROCEDURAL BACKGROUND**

On November 9, 2001, a Los Angeles County jury convicted Petitioner of selling methamphetamine. (Petition at 1-2.) Petitioner was sentenced to 78 years to life. (*Id.* at 1.) On March 28, 2003, the California Court of Appeal affirmed the conviction. (*Id.* at 2.) On June 11, 2003, the California Supreme Court denied the petition for review. (*Id.*)

On April 9, 2004, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on March 16, 2005. (Petition at 4); California Appellate Courts online docket in Case No. S123949. On February 9, 2006, Petitioner filed a second state habeas petition in the California Supreme Court, which was denied on October 11, 2006. (Petition at 4); California Appellate Courts online docket in Case No. S141176.[1]

On June 13, 2011, Petitioner signed the federal petition, which was filed in this Court on July 11, 2011. (Petition at 11.)

**II.**

**STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

---

[1] Petitioner indicates that he did not file any state habeas petitions in the Superior Court or the California Court of Appeal. (Petition at 3.)

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Supreme Court denied the petition for review on June 11, 2003. (Petition at 2.) Petitioner's conviction became final ninety days later on September 9, 2003. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired one year later on September 9, 2004. Petitioner signed the federal petition on June 13, 2011, almost seven years later. Absent tolling, the petition is time-barred.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On April 9, 2004 (with 153 days remaining in the limitations period), Petitioner filed his first state habeas petition in the California Supreme Court, which denied it on March 16, 2005. (Petition at 4); California Appellate Courts online docket in Case No. S123949. The expiration of the limitations period was therefore pushed forward to August 16, 2005 (March 16, 2005 + 153 days).

Because Petitioner did not file his second state habeas petition until February 9, 2006, he is not entitled to statutory tolling based on the second petition. (Petition at 4); California Appellate Courts online docket in Case No. S141176; *see Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period has expired does not revive the limitations period).

Absent equitable tolling, the limitations period expired on August 16, 2005.

#### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

1  circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Petitioner may argue that the statute of limitations alternatively began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Ground Two of the Petition alleges that on May 3, 2005, California Assembly bill AB 50 "was put into effect." (Petition at 7.) Based on the bill, Petitioner argues that his "sentence is illegal" and constitutes cruel and unusual punishment. (*Id.*; *see also* Ground One.) He states that the California trial court should be ordered "to comply with the 2005 revised Penal Code changes." (*Id.*; *see also* Ground Two.)

AB 50, as proposed, was never enacted. For example, AB 50 would have added section 1170.05 to the California Penal Code. Subdivision (a) of the new section would have provided that an inmate "serving a term of imprisonment for a felony . . . may make a written motion, within 2 years of January 1, 2006, before the trial court that entered the judgment of conviction in his or her case for resentencing" if certain criteria were met. (Petition Attached at 4.) Penal Code §

4

1170.05 was added by virtue of 2010 legislation and bears no resemblance to the proposed language in AB 50. Section 1170.05 involves "alternative custody program[s] for certain enumerated inmates with dependent children."

Section 2244(d)(1)(D) does not assist Petitioner.[2]

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before *August 19, 2011*, Petitioner shall show cause, if there be any, why the Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: July 20, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2] Even if the one-year limitations period began to run as of the denial of his second and last state habeas petition in the California Supreme Court on October 11, 2006, his petition here would still be untimely by almost four years.

5